**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DAVID PILOTO GARCIA,

*Petitioner*,

v. Case No. 3:26-cv-1901-WWB-PDB

WARDEN, NORTH FLORIDA
DETENTION CENTER, et al.,

*Respondents*.

---

**ORDER**

Petitioner, a native and citizen of Cuba, initiated this action by filing a pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (*See generally* Doc. 1). Immigration and Customs Enforcement ("**ICE**") is currently detaining Petitioner at the North Florida Detention Facility. (*Id.* at 1). According to Petitioner, he is under a final order of removal, and he appears to assert that his prolonged detention violates his rights ostensibly under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*See generally id.*). As relief, Petitioner requests that "after [he] completes 180 days detained can [he] get released." (*Id.* at 7).

In *Zadvydas*, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. 533 U.S. at 701. The Court also concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. *Id.* "Although not expressly stated, the Supreme Court

appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. *Id.* (quoting *Zadvydas*, 533 U.S. at 701). Thus, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale*, 287 F.3d at 1052.

The "removal period" begins on the latest of three dates: (1) the date on which the order of removal becomes administratively final; (2) "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order"; or (3) "[i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." *See* 8 U.S.C. § 1231(a)(1)(B); *see also* 8 C.F.R. § 1241.1(a)-(f) (outlining the procedural circumstances that render a removal order final). The Attorney General must detain an alien during his removal period. *See* 8 U.S.C. § 1231(a)(2).

Here, according to the Executive Office for Immigration Review's ("**EOIR**") website, an immigration judge ordered Petitioner removed on June 3, 2026. *See* EOIR, Automated Case Information, available at www.acis.eoir.gov (last visited July 28, 2026). Thus, Petitioner's "removal period" for purposes of *Zadvydas* began that day—June 3, 2026. At the time Petitioner filed his Petition on July 21, 2026, he had been in post-removal-order

ICE custody for 48 days (excluding the date on which the Petition was filed). Thus, any claim under *Zadvydas* is not yet ripe and is dismissed without prejudice as premature.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) and this case are **DISMISSED without prejudice**.
2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on July 29, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C: David Piloto Garcia, A077672712